IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN H. WRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN STRETCH, et al.,<br><br>    Defendants.<br>_____/ | No. C 16-505 CW<br><br>ORDER DISMISSING COMPLAINTS |
| FRANKLIN H. WRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS E. PEREZ, et al.,<br><br>    Defendants.<br>_____/ | No. C 16-513 CW |

Plaintiff Franklin H. Wright has been granted in forma pauperis status in both of the above-captioned cases. Under this statute, the Court shall dismiss such a case "at any time" if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b). The Court finds that both operative complaints fail to state a claim on which relief may be granted. Thus, the Court dismisses both complaints.

I. Wright v. Stretch, Case No. 16-505

    a. Background

In this case, Plaintiff filed suit against Brian Stretch, acting United States Attorney for the Northern District of

California, and Thomas Perez, Secretary of the United States Department of Labor. The judge previously assigned to this case dismissed the original complaint with leave to amend.

In his original complaint, Plaintiff described both a previously-filed Illinois bankruptcy and "FTCA claim letters re: employment conditions." Docket No. 1, Complaint at 2-3. He sought mandamus to compel employees within the Department of Justice or the Department of Labor, or both, to answer various questions. Id. at 3, 5-6. He alleged that both departments owed him investigations and the results of their investigations. Id. at 4. He also discussed "unlawful employer actions" and requested monetary remedies, reputational correction and further prosecution of former employers. Id. at 6-7.

The court concluded that Plaintiff's complaint was "frivolous or fail[ed] to state a claim upon which relief can be granted." Docket No. 6, February 8, 2016 Order at 2. It identified several shortcomings, including that Plaintiff did not describe the connection between the Illinois litigation and this case, id. at 2, Plaintiff did not explain "how his previous tort claims or bankruptcy filings obligated these defendants to investigate his concerns," id. at 3, and Plaintiff provided no authority for seeking to compel Defendants to answer his list of questions, id.

In his First Amended Complaint (1AC), Docket No. 7, at issue here, Plaintiff requests relief under 28 U.S.C. § 1361, the section authorizing district court mandamus actions. As background, Plaintiff explains that, based on "plaintiff-supplied and docketed memos in the Chicago-based bankruptcy, an U.S. Trustee operating under 11 U.S.C. Sec. 704(a) would investigate

2

the financial affairs of a litigant in the bankruptcy process and subsequently commence lawsuits on the beneficiary's behalf, assuming compelling reasons were identified." Id. at 4. Plaintiff alleges that the United States Trustee, who is not a Defendant in this case, was obliged to investigate claims stemming from "anecdotal facts" in Plaintiff's bankruptcy filings; these "facts" include workplace harms allegedly perpetrated by previous employers based in northern California, including harassment, underpayment and a hostile work environment. Id. at 4-5. Plaintiff asks the Court to compel investigation of these underlying alleged employer wrongs, to present the results to Plaintiff, and to compel the Department of Justice and the Department of Labor to present to Plaintiff the status of his "F.T.C.A. claim letters." Id. at 10.[1]

Plaintiff claims certain duties owed to him. He cites 28 U.S.C. § 530B, which describes "Ethical standards for attorneys for the Government," California Business and Professions Code sections 6067-68, which describe general duties of attorneys and their oath, and general California case law concerning fiduciary duties. Section 6068(h) states that it is the duty of an attorney "[n]ever to reject, for any consideration personal to himself or herself, the cause of the defenseless or the oppressed." Plaintiff then lists several instances in which he was "defenseless," namely when he was a criminal defendant and when he

---

[1] Plaintiff cites 28 U.S.C. § 2401(b), which states that, before filing a tort claim against the United States, the claim must be presented in writing to the appropriate federal agency. Id. at 8.

3

was attacked. 1AC at 6-7. Plaintiff explains that, because he has been "defenseless" or "oppressed," the United States Attorney "cannot reject his request to remedy." Id. at 9. Section 6068(m) states that it is the duty of an attorney to "respond promptly to reasonable status inquiries of clients and to keep clients reasonably informed of significant developments in matters with regard to which the attorney has agreed to provide legal services." Plaintiff explains that he is the Department of Justice's "de facto client" because he has "paid taxes, obeys the law, the U.S. Attorneys' Office is funded by taxes, plaintiff's claims are true and actual and were recognized as such by an Ohio-based Federal court." Id. at 7 & n.3.

Plaintiff also presents allegations regarding Defendants' knowledge of his grievances. Plaintiff states that attorneys have been informed of his claims through his Ohio case and through his "3 FTCA claim letters filed with both D.C.-based DOJ offices and the San Francisco Offices of the U.S. Attorney." Id. at 7. He explains that because the United States Trustee "would have required Bay Area-based assistance at the time the memoranda were filed . . . in carrying out their duty to investigate," it is "reasonable to assume that the U.S. Attorney for the Northern District of California or an unknown-to-plaintiff title within the U.S. Department of Justice (N.D. Cal.) would have been contacted to assist in investigation." Id. at 8.

b. Discussion

A writ of mandamus may be granted when (1) "the plaintiff's claim is clear and certain"; (2) the duty is "ministerial and so plainly prescribed as to be free from doubt"; and (3) "no other

4

adequate remedy is available." Or. Nat. Res. Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995). The "extraordinary remedy of mandamus lies within the discretion of the trial court," even where a Plaintiff satisfies these three requirements. Id.

Here, Plaintiff's allegations remain insufficient as to the duty Defendants owe to Plaintiff. His theory seems to be as follows. In his bankruptcy case, he mentioned potential workplace wrongs. As a result, the United States Trustee was obliged to commence litigation against Plaintiff's former employers or at least investigate these allegations of workplace wrongs. Defendants Brian Stretch and Thomas Perez knew about the United States Trustee's actions relating to Plaintiff and his former employers. Because Plaintiff had been "defenseless" in the past, Defendants cannot turn their back on Plaintiff. Alternatively, because Plaintiff is a "de facto client" of various governmental departments, he is entitled to their communication and professional services. Thus, Defendants owe Plaintiff a duty to answer his questions and to investigate his claims.

There are many flaws with this theory. First, Plaintiff cites no law stating that the United States Trustee was obliged to commence litigation against or investigate Plaintiff's former employers. Instead, under the subsection Plaintiff cites, the Trustee is obliged to "investigate the financial affairs of the debtor." 11 U.S.C. § 704(a)(4). Second, an attorney's duty not to reject the cause of the defenseless or oppressed for personal reasons does not mean that all attorneys must investigate Plaintiff's claims. Third, there is no de facto attorney-client relationship based on paying taxes. Fourth, Plaintiff has pointed

5

to no other possible basis for a fiduciary relationship.  None of Plaintiff's theories amount to a duty that any Defendant owes Plaintiff to investigate his claims or to communicate with him.

Because Plaintiff's claim is not "clear and certain," and because the duties alleged are not "ministerial and so plainly prescribed as to be free from doubt," the Court DISMISSES Plaintiff's 1AC.  Because Plaintiff has again failed to allege a duty, it is dismissed with prejudice.

II.  Case No. 16-513

This case is another mandamus action that Plaintiff filed against both Thomas Perez and Brian Stretch, but also against the United States Interagency Council on Homelessness.[2]  The judge previously assigned this case granted Plaintiff in forma pauperis status and directed service.  The case was later transferred to this Court as related to case number 16-505.  The Court may perform the in forma pauperis screening described above at any time.  28 U.S.C. § 1915(e)(2)(b).

In his Complaint, Plaintiff lists several instances in which he was harassed, defamed or otherwise mistreated while living in northern California.  He had filed another case in the Northern District of California, Wright v. United States Interagency Council on Homelessness, No. 14-353, "in order to inform empowered and accountable governmental agencies of unlawful activity where Plaintiff was a victim or witness."  Docket No. 1, Complaint at 3.  Plaintiff seeks to compel "employees and persons holding presumed

---

[2] The Complaint also mentions several other governmental agencies and individuals.

6

accountability within sub-entities of the U.S. DOJ, U.S. Dept. of Labor, and U.S. Department of Health and Human Services and all other accountable agencies to answer specific questions Plaintiff maintains and poses herein, which would have been asked during proper investigation," citing 28 U.S.C. § 535 and Federal Rule of Evidence 201(e), and to "compel appropriate corrective action." Id.[3]  Plaintiff seeks to compel Defendants to answer a list of enumerated questions.  Complaint at 5-6.  Plaintiff also seeks "to compel the F.B.I., U.S. Dept. of H&HS, and the acting U.S. Attorney for the Northern District of California to adjoin gathered evidence to Plaintiff's State-court filed findings in preparation for presentment to the Grand Jury for indictment and for arrest of key and accountable personnel."  Id. at 7.  Further, Plaintiff wishes Defendants to "present to Plaintiff an action plan based upon answers to Plaintiff's posed questions to remedy both 1) damage caused to Plaintiff's life by named entities in state-based cases or inform petitioner-plaintiff of reasons for borrowing petitioner's time and 2) plan to remedy apparent criminal activity within S.F.-based governmental and 501c3 organizations."  Id. at 7-8.

This Complaint fails to state a claim.  As in case number 16-505, discussed above, Plaintiff describes general fiduciary duty law, 28 U.S.C. § 530B and California Business and Professions Code section 6068, as the basis for Defendants' duties to Plaintiff.

---

[3] Notably, 28 U.S.C. § 535 states that the Attorney General and the Federal Bureau of Investigation "may investigate any violation of Federal criminal law involving Government officers and employees"; Federal Rule of Evidence 201 governs judicial notice of adjudicative facts.

7

As explained above, none of these citations demonstrates that Defendants have a duty toward Plaintiff.  Plaintiff also cites 28 U.S.C. § 547, which lists the duties of a United States Attorney.  Contrary to Plaintiff's assertion, this statute does not demonstrate that any Defendant has a "duty to correct" any of the alleged wrongs Plaintiff describes.

In addition, it is not clear who Plaintiff is suing or why mandamus is the only available remedy.

For all these reasons, the Complaint in this case is DISMISSED.  Because Plaintiff has not yet had an opportunity to amend, it is dismissed with leave to amend.

III. Conclusion

The Court DISMISSES Plaintiff's 1AC in Case Number 16-505.  The Court will direct entry of judgment in this case.

The Court DISMISSES Plaintiff's Complaint in Case Number 16-513.  If Plaintiff chooses to amend his Complaint, he must do so within thirty days of this order.  Failure to amend timely shall result in dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 4, 2016

CLAUDIA WILKEN
United States District Judge