IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re cases filed by

FRANKLIN H. WRIGHT,

      Plaintiff.
_____/

No. C 16-505 CW

ORDER TO SHOW CAUSE WHY COURT SHOULD NOT ISSUE PRE-FILING ORDER

    Since January 2011, Plaintiff has filed fourteen cases in federal district court, including ten in the Northern District of California, and nine federal appeals. See Addendum. In most of these cases, including all cases filed in the Northern District of California, Wright sought to proceed in forma pauperis. In light of this litigation history, the Court considers sua sponte whether it is necessary and appropriate to impose a pre-filing order on Plaintiff.

## LEGAL STANDARDS

    Federal courts have the inherent power "to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). As noted by the Ninth Circuit, district courts "bear an affirmative obligation to ensure that judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the courts." O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). Nonetheless, pre-filing review orders should rarely be used. Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990). A pre-filing order

"cannot issue merely upon a showing of litigiousness." Id. The plaintiff's claims must not only be numerous, but also be patently without merit. Id.

The Ninth Circuit has established four guidelines "to maintain this delicate balance between broad court access and prevention of court abuse." O'Loughlin, 920 F.2d at 617. Before a court enters a vexatious litigant order: (1) the plaintiff must be given adequate notice to oppose entry of the order; (2) the court must present an adequate record by listing the case filings that support its order; 3) the court must make substantive findings of frivolousness or harassment; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses. Id.; DeLong, 912 F.2d at 1147-49.

## DISCUSSION

I. Notice

Before a pre-filing order may be entered, due process requires that the litigant be provided with notice and an opportunity to oppose the order. De Long, 912 F.2d at 1147. Accordingly, the Court is issuing this Order to Show Cause prior to entering any pre-filing order.

II. Adequate Record for Review

The district court must create a record for review which includes a listing of all the cases and motions that led it to conclude that a pre-filing order was needed. The record must at least show, in some manner, that the litigant's activities were numerous or abusive. See id.

The Court has attached an Addendum to this order that lists all the cases Plaintiff has filed in the federal courts that have

led the Court to conclude that a pre-filing order may be necessary. The filings are numerous.

### III. Substantive Findings of Frivolousness or Harassment

The district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions. It must find the litigant's claims frivolous after looking at both the number and content of the filings, or, alternatively, find that the claims show a pattern of harassment. See id. at 1148.

Here, Plaintiff's claims are frivolous. Generally, courts have dismissed Plaintiff's complaints as frivolous or failing to state a claim under 28 U.S.C. § 1915(e)(2), by granting a motion to dismiss in favor of the defendants, or for failure to prosecute following a denial of in forma pauperis status. Courts have also cited failure to follow Federal Rule of Civil Procedure 8 and lack of federal jurisdiction. Indeed, in some cases, courts have granted Plaintiff an opportunity to amend, only to conclude later that Plaintiff did not correct the problems in an amended complaint. None of Plaintiff's complaints filed in the Northern District of California survived the motion to dismiss stage.

Because so many courts have found Plaintiff's claims frivolous, this Court finds that Plaintiff's actions are frivolous overall.

### IV. Breadth of Order

The district court must narrowly tailor the proposed pre-filing order to "closely fit the specific vice encountered." DeLong, 912 F.2d at 1148. An order preventing a litigant from filing any further actions without leave of court, for example,

3

ordinarily is overly broad and cannot stand. See id.; Moy, 906 F.2d at 470-71.

When the Ninth Circuit held in Moy that an order preventing a vexatious litigant from filing any actions without leave of the court was overly broad, the court specifically noted, "There is no evidence on this record that Moy has a general history of litigious filing." Moy, 906 F.2d at 471. Similarly, in DeLong, where the Ninth Circuit held that a similar order was overly broad, the litigant's history involved repeated filings related to a specific dispute with particular defendants. DeLong, 912 F.2d at 1145-46. On that record, the district court likewise could not have concluded that DeLong had a general history of litigious filing.

Here, by contrast, Plaintiff has filed cases against many different Defendants, including governmental actors, governmental entities, businesses, universities and law firms, alleging different types of claims, including state law tort claims, state law contract claims, constitutional claims and petitions for writs of mandamus. However, there are some common threads. First, Plaintiff frequently alleges that various actors owe him some sort of duty under, for example, California Business and Professions Code section 6068 or general fiduciary duty law. Second, Plaintiff invokes the Federal Tort Claims Act frequently and attaches "claim letters" to his Complaints. Third, Plaintiff frequently refers to previously-filed cases listed in the Addendum, as well as state court cases, his bankruptcy, claims against former employers, and claims against the University of Chicago, where he was allegedly previously enrolled. Fourth,

4

Plaintiff often seeks to compel Defendants to answer questions, perform some investigation or consider a policy proposal, sometimes by requesting a writ of mandamus.  Fifth, Plaintiff has filed lawsuits whose claims relate to obstructing his legal process.  Sixth, Plaintiff's complaints evince a general understanding that his hardships are the result of several bodies conspiring "as some sort of unbeknownst-to-Plaintiff governmental and legal training."  Case No. 14-353, Docket No. 56 at 31.

On this record, the Court concludes that Plaintiff has a general history of litigious filing.  This history justifies a general order requiring pre-filing review by this Court of any action filed by Plaintiff.  Unless Plaintiff shows cause why it should not be issued, the Court intends to issue the following pre-filing order, which will be applicable to any action Plaintiff files in this Court:

"IT IS HEREBY ORDERED that the Clerk of this Court shall not accept for filing any further complaints filed by Franklin Wright a.k.a. Jesse Swartz, until that complaint has first been reviewed by the Court.  If the complaint is related to any of the following subject matters or legal theories:

(1)  Violation of some duty owed;
(2)  Mention of the Federal Tort Claims Act or attachment of Federal Tort Claims Act "claim letters";
(3)  Other cases previously filed in federal courts;
(4)  Requests to compel any defendant to answer questions, perform investigations or evaluate policy proposals;
(5)  Obstruction of Plaintiff's legal process or legal research; or

1    (6) Conspiracies to "train" Plaintiff,

it will not be filed unless it presents cognizable claims. All cases filed by Plaintiff shall be forwarded to the undersigned for pre-filing review."

Within thirty days of the date of this Order, Plaintiff may file a statement showing cause why this order should not be issued. If he fails to file the statement or if he fails to show cause why the order should not be filed, the order shall be entered and it shall be applicable in all future actions filed by Plaintiff in this Court.

IT IS SO ORDERED.

Dated: May 10, 2016

*[signature]*

CLAUDIA WILKEN
United States District Judge

```
                              ADDENDUM

Northern District of Ohio
11-0038    Swartz v. McInerney, et al.            Filed 1/6/2011
11-0168    Swartz v. Oracle Corp., et al.         Filed 1/25/2011
11-0221    Swartz v. Ariba, Inc., et al.          Filed 1/31/2011

Northern District of Illinois
15-10185   Swartz v. U.S. Dep't of Justice, et al. Filed 11/9/2015

Northern District of California
13-4457    Wright v. Stanford University          Filed 9/26/2013
13-5994    Wright v. United States                Filed 12/30/2013
14-0353    Wright v. U.S. Interagency Council on  Filed 1/23/2014
           Homelessness, et al.
14-5525    Wright v. McGovern, et al.             Filed 12/18/2014
15-0283    Wright v. San Francisco, et al.        Filed 1/21/2015
15-3204    Wright v. U.S. Dep't of Homeland Sec.  Filed 7/10/2015
15-3647    Wright v. SBO Pictures Inc., et al.    Filed 8/10/2015
16-0505    Wright v. Stretch, et al.              Filed 1/29/2016
16-0513    Wright v. Perez, et al.                Filed 1/29/2016
16-1371    Wright v. U.S. Dep't of Educ.          Filed 3/21/2016

Sixth Circuit
11-3463    Swartz v. Oracle Corp.                 Filed 4/27/2011
11-3466    Swartz v. Ariba, Inc.                  Filed 4/27/2011

Ninth Circuit
13-17439   Wright v. Stanford University          Filed 11/22/2013
14-16282   Wright v. U.S. Interagency Council on  Filed 7/7/2014
           Homelessness, et al.
14-16563   Wright v. U.S. Interagency Council on  Filed 8/11/2014
           Homelessness, et al.
15-15052   Wright v. U.S. Interagency Council on  Filed 1/13/2015
           Homelessness, et al.
15-80052   In re Franklin Wright                  Filed 3/27/2015
15-15615   Wright v. McGovern, et al.             Filed 3/30/2015
15-15842   Wright v. San Francisco, et al.        Filed 4/23/2015
```

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN H. WRIGHT,<br><br>   Plaintiff,<br><br>  v.<br><br>BRIAN STRETCH, et al.,<br><br>   Defendants. | Case No. 16-cv-00505-CW<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on May 10, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Franklin H. Wright
1001 Polk St., #64
San Francisco, CA 94109


Dated: May 10, 2016

               Susan Y. Soong
               Clerk, United States District Court

               By: /s/ Nichole Peric
               Nichole Peric, Deputy Clerk to the Honorable CLAUDIA WILKEN